**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KATHRYN RUCKER KREPP, | |
| Plaintiff, | Case No. 25-cv-2371 (JMC) |
| v. | |
| HUNG CAO, *Acting Secretary of the Navy*, | |
| Defendant.[1] | |

**MEMORANDUM OPINION**

Plaintiff Kathryn Rucker Krepp has sued her employer, the United States Department of the Navy ("the Navy") for violations of Title VII of the Civil Rights Act of 1964 and the Freedom of Information Act. *See* ECF 1. As is relevant to this opinion, Krepp's complaint alleges that the Navy has discriminated against her on the basis of her sex and gender, created a hostile work environment, and retaliated against her for engaging in activity protected by Title VII, including by filing EEO complaints against her supervisors at the Naval History and Heritage Command (NHHC). *See* ECF 1 ¶¶ 67–87. Krepp has until recently been serving on detail to other posts with the Navy, but represents that she has been told that she must return to her role at NHHC by August 3, 2026. *See* ECF 1 ¶ 50; ECF 22-2 at 5. She now moves for a preliminary injunction and stay to halt her transfer back to NHHC. ECF 22. The Government has stated that it intends to oppose the motion, and has sought an extension of its deadline to respond. ECF 23. For the reasons discussed

---

[1] Acting Secretary Cao has been substituted for his predecessor in office. *See* Fed. R. Civ. P. 25(d).

below, the Court **DENIES** Plaintiff's preliminary injunction motion, and **DENIES** as moot the Government's extension request.[2]

A preliminary injunction is an "extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). To obtain this relief, Krepp must satisfy the classic four-factor test by showing that (1) she is likely to succeed on the merits of her claim, (2) she would suffer irreparable harm absent a preliminary injunction, (3) the balance of equities tips in her favor, and (4) a preliminary injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy*, 454 F.3d at 297. Krepp fails to secure preliminary relief because she does not demonstrate that she is suffering or is likely to suffer irreparable harm in the absence of a preliminary injunction.[3]

---

[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[3] Krepp filed this motion as one for a preliminary injunction. Under the Local Rules of this Court, a party opposing a preliminary injunction has seven days to file an opposition. *See* LCvR 65.1(c). However, Krepp has represented that the transfer which will cause her irreparable harm is set to begin by August 3, 2026, which is before the Government's opposition is due. ECF 22-2 at 5. In situations where the plaintiff has filed for a preliminary injunction and the defendant has lacked "adequate time to respond," the Court has heard "the motion as a request for a temporary restraining order." *Fla. Coal. for Peace & Just. v. Bush*, No. 89-cv-2682, 1990 WL 157934, at *2 (D.D.C. Oct. 5, 1990). The distinction between the two primarily matters for the duration of relief provided; temporary restraining orders necessarily provide a shorter duration of interim relief. *See* Fed. R. Civ. P. 65(b)(2). However, the substantive legal standards to be applied when issuing either are the same. *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 775 F. Supp. 3d 100, 121 (D.D.C. 2025). Because the Court finds that the record does not justify the grant of any interim relief, the Court need not determine whether the motion is properly characterized as seeking a temporary restraining order or a preliminary injunction. In either case, the Court is able to rule on the motion without providing a hearing on the merits or receiving a full opposition from the Government, given that it is Krepp's burden to show her entitlement to relief, which she has clearly failed to do on this record. *See Nat'l Ass'n of the Deaf v. Trump*, 486 F. Supp. 3d 45, 50 (D.D.C. 2020); *Johnson v. Holway*, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004); *see also* LCvR 65.1(d) ("[A] hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing, *unless the Court earlier decides the motion on the papers*." (emphasis added)). Further, while the Government has not

Irreparable injury is a high bar: the injury "must be both certain and great, actual and not theoretical, beyond remediation, and of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015). Preliminary injunctive relief is also disfavored in cases involving federal employees. *See Sampson v. Murray*, 415 U.S. 61, 84 (1974) (noting that plaintiffs in such cases "must make a showing of irreparable injury sufficient in kind and degree to override the[] factors cutting against the general availability of preliminary injunctions in Government personnel cases"). Krepp identifies several purported harms that she will experience if she returns to work at NHHC as she has been ordered by the Navy. She notes that upon return to NHHC, she will be supervised by and in close contact with the individuals that she alleges have created a hostile work environment and previously retaliated against her for filing discrimination complaints. ECF 22-3 at 16. She alleges that her prior treatment by these individuals led to psychological stress which affected her mental and physical health. ECF 22-2 at 11–12. Krepp claims that "[f]orcing [her] back into this toxic environment will exacerbate [her] mental and physical health due to the severe psychological distress the situation will create," and "will subject [her] to daily p[s]ychological abuse." *Id.* at 12. She also argues that the Navy's requiring her to work with employees against whom she has filed complaints will create a chilling effect for employees with NHHC employees who seek to blow the whistle on harassment. *Id.*; ECF 22-3 at 16–17. Finally, she claims that returning to work at NHHC—which, in her view, would function as a "functional and retaliatory

---

submitted a full opposition, its extension motion discusses at length the lack of irreparable harm to Krepp if she does not receive an injunction, which is the dispositive issue here. *See* ECF 23.

demotion"—and would continue to inflict "reputational destruction" on her previously "highly regarded reputation."[4] ECF 22-3 at 6, 16.

Krepp's theories of irreparable harm fall short of justifying interim injunctive relief. To begin, Krepp's motion does not identify a single case citation supporting injunctive relief in an analogous situation or showing that the harms that she alleges are irreparable. *See* ECF 22-3 at 14–17. And the weight of authority is against her on this point. Courts have recognized that various kinds of employment-related harms, such as "denial of training, loss of promotion opportunities, forced retirement, placement into civilian rather than officer positions" are not irreparable because they could be remedied "by ordering training, reinstatement, back pay, and the like." *Fraternal Ord. of Police Libr. of Cong. Lab. Comm. v. Libr. of Cong.*, 639 F. Supp. 2d 20, 24 (D.D.C. 2009); *Church v. Biden*, 573 F. Supp. 3d 118, 142 (D.D.C. 2021); *Walker v. District of Columbia*, No. 24-cv-2341, 2024 WL 4133622, at *2 (D.D.C. Sep. 10, 2024) (finding that plaintiff's "risk[s] [of] disciplinary action and termination" upon being assigned to a new position were "speculative and . . . not irreparable"). The anticipated transfer and functional demotion that Krepp is alleging here falls far short of termination, which is itself a harm that courts typically decline to find irreparable except in "genuinely extraordinary" situations. *Sampson*, 415 U.S. at 92 n.68; *see Cook v. Trump*, 804 F. Supp. 3d 14, 40 (D.D.C. 2025) (finding one such situation).

As to Krepp's concern that she will face additional harassment from her supervisors that will cause her emotional distress and impact her physical health, Plaintiff has not shown that the harms to her well-being that she anticipates are "certain, great[,] actual[] . . . and imminent." *Church*, 573 F. Supp. 3d at 138. She offers mere speculation that her supervisors will repeat the

---

[4] Defendant disputes that Krepp's return to NHHC will be a demotion. ECF 23 at 5. The Court need not resolve this factual dispute because it determines that even if the facts are as Krepp alleges, she has not met the requirements for injunctive relief.

type of harassing conduct which led her to file this action. *See Gilliard v. McWilliams*, 315 F. Supp. 3d 402, 417 (D.D.C. 2018) (finding that employee's fear of future disciplinary action did not justify preliminary injunctive relief because it was "difficult to say that [the] as-yet-defined, potential injury [was] both certain and great and actual and not theoretical" where agency "ha[d] not actually proposed any disciplinary action"). She has also failed to demonstrate that the speculated harm she will experience will be sufficiently "extreme" to warrant the entry of injunctive relief in an employment matter. *Cannon v. Allied Universal Sec. Servs.*, No. 25-cv-01794, 2025 WL 3516157, at *2 (D.D.C. July 28, 2025); *see also Walker*, 2024 WL 4133622, at *2 (noting that courts have granted preliminary injunctions when the movant's "health was severely and imminently at risk").[5] Further, the record indicates that since Krepp left NHHC for her detail, there has been at least some change in the relationship between her and her supervisors—such as an internal investigation into her complaints and the halting of her proposed termination. ECF 22-2 at 8–9, 17. These changed circumstances, at minimum, cast doubt on the notion that her future experiences at NHHC will be a carbon-copy of her prior experiences. *Cf. Hurst v. Williams*, No. 12-cv-1415, 2012 WL 12874262, at *2 (D.D.C. Sep. 12, 2012) (finding a plaintiff's concerns about being subject to repeat harassment as unlikely to occur when the agency was "conducting an investigation into the matter" and had "implemented its own internal procedures for addressing allegations of workplace violence or misconduct").

This hypothetical future discriminatory behavior also has not been subject to any administrative exhaustion under the remedial schemes created by Title VII, which undercuts the notion that Krepp's injuries are irreparable save an injunction issued by this Court. *See Aviles-*

---

[5] The Court makes this determination without deciding, one way or the other, on the severity of the allegations of prior harassment as detailed in Plaintiff's complaint and whether this harassment meets the standard for demonstrating a hostile work environment claim.

*Wynkoop v. Neal*, 978 F. Supp. 2d 15, 22 (D.D.C. 2013) (declining to find irreparable harm in case where plaintiff alleged "anxiety and stress due to an allegedly hostile and bullying work environment," in part due to the existence of "the extensive administrative remedies available to plaintiff"). Given that many of the hypothetical injuries that Krepp raises are of the type commonly remedied following the usual course of Title VII litigation, the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1234 (D.C. Cir. 2025).

Finally, Krepp has argued that requiring her to work with the very individuals that she alleges retaliated against her qualifies as irreparable harm because it will create a "chilling effect on current and future government employees reporting mismanagement or misconduct of their supervisors or others." ECF 22-3 at 13. At least one court in this district has found that a plaintiff has shown irreparable harm where they "demonstrate[d] that an adverse personnel action is likely to have a chilling effect on other employees, who, after witnessing their fellow co-worker's discharge or dismissal, would now refuse to file claims in fear of reprisals." *Jordan v. Evans*, 355 F. Supp. 2d 72, 83 (D.D.C. 2004). The Court declines to adopt this approach to irreparable on the record presented here, which provides minimal detail as to any chilling effect, whether as to Plaintiff or any others at the agency. Moreover, this approach runs contrary to the general understanding that "a plaintiff cannot loop in harm suffered by third parties to obtain a preliminary injunction," *Corp. for Pub. Broad. v. Fed. Emergency Mgmt. Agency*, 792 F. Supp. 3d 67, 79 (D.D.C. 2025), and that the harms to "third parties [are] properly addressed under the public

interest prong of the injunctive relief calculus," *Jones v. District of Columbia*, 177 F. Supp. 3d 542, 546 n.3 (D.D.C. 2016).

Krepp has failed to demonstrate the existence of irreparable harm on the present record. This alone justifies denying relief. *See Chaplaincy*, 454 F.3d at 297. The Court notes that other key factors of the injunctive relief analysis also weigh strongly against issuing preliminary relief. The equitable factors of the "balance of harms and the public interest," which merge when, as here, the government is a party to the litigation, do not support the issuance of injunctive relief. *Church*, 573 F. Supp. 3d at 146. While there is a strong public interest in protecting individuals from discrimination and, as Krepp notes, preventing the chilling of employee complaints regarding discrimination, this case is "at bottom an employment dispute," over which the "public interest and balance of the equities weigh against this Court sitting as a super-personnel department," at least at this preliminary juncture. *Walker*, 2024 WL 4133622, at *5. Granting a preliminary inunction in this case and cases like it would also "directly intrude upon [the Navy's] personnel management practices in a way that is likely to disrupt the orderly and efficient administration of government business," and "open the door to a parade of disgruntled federal employees seeking injunctive relief." *Hurst*, 2012 WL 12874262, at *3 ("The equitable powers of the federal courts were not intended to be a routine avenue for federal employees to obtain injunctive relief *qua* office transfer.").

*   *   *

For the foregoing reasons, Plaintiff's Motion for Stay and Preliminary Injunction, ECF 22, is **DENIED**, and Defendant's Motion to Extend Time to Respond, ECF 23 is **DENIED** as moot.

7

A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____

JIA M. COBB
United States District Judge

Date: July 31, 2026